IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
C/A No.: 4:26-cv-02183-SAL

| | |
|---|---|
| Danny L. Furr,<br><br>Plaintiff,<br><br>vs.<br><br>Horry County, Horry County Police Department, Kris Leonhardt, Lance Winburn, Brandon Lee, Renee Hardwick,<br><br>Defendants. | **ANSWER OF DEFENDANTS HORRY COUNTY, KRIS LEONHARDT, BRANDON LEE, AND RENEE HARDWICK**<br>(Jury Trial Requested) |

TO: STUART M. AXELROD, ESQUIRE, COUNSEL FOR PLAINTIFF

Defendants, Horry County, Kris Leonhardt, Brandon Lee, and Renee Hardwick, by and through their undersigned counsel, answering the Complaint, would respectfully show unto this Honorable Court as follows:

**FOR A FIRST DEFENSE, BY WAY OF ANSWER**

1. These Defendants deny any and all allegations set forth in the Complaint not specifically admitted, qualified, or otherwise explained herein.

2. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 1 of the Complaint and therefore deny same and respectfully request strict proof thereof.

3. These Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

4. These Defendants admit so much of the allegations set forth in Paragraph 3 of the Complaint as allege that the Horry County Police Department is a law enforcement agency

operated by Horry County, South Carolina. Further responding to Paragraph 3 of the Complaint, these Defendants assert that the Horry County Police Department is a division of Horry County and not a separate entity capable of initiating civil actions and/or being sued in civil actions. For these reasons, these Defendants respectfully assert that Defendant Horry County Police Department is not a proper party to this litigation and should be dismissed.

5. These Defendants admit so much of the allegations set forth in Paragraph 4 of the Complaint as allege that Defendant Kris Leonhardt is the Chief of the Horry County Police Department. These Defendants are of the opinion and belief that any and all remaining allegations set forth in Paragraph 4 of the Complaint call for legal conclusions and therefore do not require a response from these Defendants. However, to the extent said allegations may be construed to require a response from these Defendants, any and all such allegations are denied and strict proof thereof requested.

6. These Defendants admit so much of the allegations set forth in Paragraph 5 of the Complaint as allege that Defendant Brandon Lee is a Captain in the Horry County Police Department. These Defendants are of the opinion and belief that any and all remaining allegations set forth in Paragraph 5 of the Complaint call for legal conclusions and therefore do not require a response from these Defendants. However, to the extent said allegations may be construed to require a response from these Defendants, any and all such allegations are denied and strict proof thereof requested.

7. These Defendants admit so much of the allegations set forth in Paragraph 6 of the Complaint as allege that Defendant Lance Winburn is a Deputy Chief with the Horry County Police Department. These Defendants are of the opinion and belief that any and all remaining allegations set forth in Paragraph 6 of the Complaint call for legal conclusions and therefore do

not require a response from these Defendants. However, to the extent said allegations may be construed to require a response from these Defendants, any and all such allegations are denied and strict proof thereof requested.

8. These Defendants admit so much of the allegations set forth in Paragraph 7 of the Complaint as allege that Defendant Renee Hardwick is the Assistant County Administrator for public safety for Horry County. These Defendants are of the opinion and belief that any and all remaining allegations set forth in Paragraph 7 of the Complaint call for legal conclusions and therefore do not require a response from these Defendants. However, to the extent said allegations may be construed to require a response from these Defendants, any and all such allegations are denied and strict proof thereof requested.

9. These Defendants are of the opinion and belief that the allegations set forth in Paragraphs 8, 9, and 10 of the Complaint are included for informational purposes and do not require a response. However, to the extent said paragraphs may be construed to require a response, from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

10. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 11 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

11. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 12 of the Complaint are included for informational purposes rather than statements o factual allegations and therefore do not require a response. However, to the extent said paragraph

may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

12. In response to Paragraph 13 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Plaintiff was an employee of the Horry County Police Department from early 1999 until his voluntary retirement in 2026. These Defendants crave reference to Horry County's Human Resources records relating to the employment of Plaintiff to state the specific dates of employment, positions held, disciplinary history, and other details of Plaintiff's employment and denies any allegation set forth in Paragraph 13 of the Complaint that are inconsistent therewith. Any and all remaining allegations set forth in Paragraph 13 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

13. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the self-serving, vague, and opinionated allegations set forth in Paragraph 14 of the Complaint and therefore deny same and respectfully request strict proof thereof.

14. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 15 of the Complaint and therefore deny same and respectfully request strict proof thereof.

15. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the vague allegations relating to Plaintiff's concerns and beliefs set forth in Paragraph 16 of the Complaint and therefore deny same and respectfully request strict proof thereof.

16. In response to Paragraph 17 of the Complaint, these Defendants crave reference to Horry County's records relating to the employment of Plaintiff, including any and all reports

submitted by Plaintiff alleging misconduct of other Horry County employees, any records of any investigations of such complaints, and any records of any disciplinary history of Plaintiff during his employment with Horry County and these Defendants deny any and all allegations set forth in Paragraph 17 of the Complaint that are inconsistent therewith.

17. In response to Paragraph 18 of the Complaint, these Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations relating to conversations between William Dietzel and Plaintiff and therefore deny same and respectfully request strict proof thereof. These Defendants admit so much of the allegations set forth in Paragraph 18 of the Complaint as allege that Thomas Wade Long has filed a civil lawsuit concerning his arrest in 2022. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 18 of the Complaint relating to conversations between Deputy Chief Winburn and William Dietzel and therefore deny same and respectfully request strict proof thereof. These Defendants are of the opinion and belief that any and all allegations set forth in Paragraph 18 of the Complaint alleging violations of South Carolina statutory law and/or regulations call for legal conclusions and therefore do not require responses from these Defendants. However, to the extent said allegations may be construed to require responses, said allegations are denied and strict proof thereof requested. Any and all remaining allegations set forth in Paragraph 18 of the Complaint are denied and strict proof thereof requested.

18. In response to Paragraph 19 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Mick Kathman and Greg Lent have been promoted during their employment with Horry County. These Defendants crave reference to their respective employment records to set forth the details of any such promotions and deny any and all allegations

set forth in Paragraph 19 of the Complaint that are inconsistent therewith. Any and all remaining allegations set forth in Paragraph 19 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

19. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the vague allegations set forth in Paragraph 20 of the Complaint and therefore deny same and respectfully request strict proof thereof.

20. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of what Plaintiff has noted but "believes" and therefore deny any and all allegations set forth in Paragraph 21 of the Complaint and respectfully request strict proof thereof.

21. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of what Plaintiff has "noted" and therefore deny any and all allegations set forth in Paragraph 22 of the Complaint and respectfully request strict proof thereof.

22. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 23 of the Complaint and therefore deny same and respectfully request strict proof thereof.

23. In response to Paragraph 24 of the Complaint, these Defendants, upon information and belief, admit so much of the allegations set forth therein as allege that on or about March 18, 2026, Defendant Winburn convened a meeting of Patrol Division Command Staff that was attended by Captains and Lieutenants of all five patrol precincts. These Defendants deny any and all remaining allegations set forth in Paragraph 24 of the Complaint and respectfully request strict proof thereof.

24. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the speculative factual allegations set forth in Paragraph 25 of the Complaint and therefore deny same and respectfully request strict proof thereof.

25. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 26, 27, 28, 29, and 30 of the Complaint and therefore deny same and respectfully request strict proof thereof.

26. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 31 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

27. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 32, 33, 34, 35, and 36 of the Complaint and therefore deny same and respectfully request strict proof thereof.

28. In response to Paragraph 37 of the Complaint, these Defendants crave reference to the Horry County employment records of Kevin Cast to set forth the timing of any reassignments, promotions, disciplinary history, etc. and deny any and all allegations set forth in Paragraph 37 of the Complaint that are inconsistent therewith. Any and all remaining allegations set forth in Paragraph 37 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

29. In response to Paragraph 38 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that on or about March 26, 2026, Defendant Leonhardt convened a department-wide command staff meeting at the ML Brown Building, attended by all

Captains, Lieutenants, and members of Executive Command. Any and all remaining allegations set forth in Paragraph 38 of the Complaint are denied and strict proof thereof requested.

30. In response to Paragraph 39 of the Complaint, these Defendants, upon information and belief, admit so much of the allegations set forth therein as allege that Defendant Winburn was present at the meeting described in Paragraph 38 of the Complaint. Any and all remaining allegations set forth in Paragraph 39 of the Complaint are denied and strict proof thereof requested.

31. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the overly broad and vague allegations set forth in Paragraph 40 of the Complaint and therefore deny same and respectfully request strict proof thereof.

32. In response to Paragraph 41 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Plaintiff and Defendant Leonhardt had a meeting subsequent to the Command Staff meeting on March 26, 2026. However, these Defendants deny any and all remaining allegations set forth in Paragraph 41 of the Complaint and respectfully requests strict proof thereof.

33. These Defendants deny any and all allegations set forth in Paragraph 42 of the Complaint as stated and respectfully request strict proof thereof.

34. These Defendants deny any and all allegations set forth in Paragraph 43 of the Complaint as stated and respectfully request strict proof thereof.

35. In response to Paragraph 44 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Defendant Leonhardt placed a telephone call to Plaintiff on or about the evening of March 26, 2026. Any and all remaining allegations set forth in Paragraph 44 of the Complaint are denied and strict proof thereof requested.

36. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 45 of the Complaint and therefore deny same and respectfully request strict proof thereof.

37. These Defendants deny any and all allegations set forth in Paragraph 46 of the Complaint and respectfully request strict proof thereof.

38. These Defendants deny any and all allegations set forth in Paragraph 47 of the Complaint and respectfully request strict proof thereof.

39. These Defendants deny any and all allegations set forth in Paragraph 48 of the Complaint and respectfully request strict proof thereof.

40. These Defendants deny any and all allegations set forth in Paragraph 49 of the Complaint and respectfully request strict proof thereof.

41. These Defendants deny any and all allegations set forth in Paragraph 50 of the Complaint and respectfully request strict proof thereof.

42. These Defendants deny any and all allegations set forth in Paragraph 51 of the Complaint and respectfully request strict proof thereof.

43. These Defendants deny any and all allegations set forth in Paragraph 52 of the Complaint and respectfully request strict proof thereof.

44. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 53 of the Complaint and therefore deny same and respectfully request strict proof thereof.

45. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the vague allegations set forth in Paragraphs 54, 55, 56, 57, and 58 of the Complaint and therefore deny same and respectfully request strict proof thereof.

46. These Defendants deny any and all allegations set forth in Paragraph 59 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

47. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 60, 61, 62, 63, and 64 of the Complaint and therefore deny same and respectfully request strict proof thereof.

48. In response to Paragraphs 65 and 66 of the Complaint, these Defendants crave reference to the written policies and procedures of the Horry County Police Department and deny any and all allegations set forth in said paragraphs that are inconsistent therewith.

49. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 67, 68, and 69 of the Complaint and therefore deny same and respectfully request strict proof thereof.

50. In response to Paragraph 70 of the Complaint, these Defendants crave reference to Horry County Police Department records relating to any internal affairs investigations involving Plaintiff and deny any and all allegations set forth in said paragraph that are inconsistent therewith.

51. These Defendants deny any and all allegations set forth in Paragraph 71 of the Complaint as stated and respectfully request strict proof thereof.

52. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 72 and 73 of the Complaint and therefore deny same and respectfully request strict proof thereof.

53. These Defendants deny any and all allegations set forth in Paragraph 74 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

54. These Defendants deny any and all allegations set forth in Paragraph 75 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

55. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 76 and 77 of the Complaint and therefore deny same and respectfully request strict proof thereof.

56. In response to Paragraph 78 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Plaintiff met with County Council's Public Safety Committee on or about April 21, 2026 and Defendant Assistant County Administrator Renee Hardwick was present at said meeting. Any and all remaining allegations set forth in Paragraph 78 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

57. In response to Paragraph 79 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Plaintiff stepped out of the April 21, 2026 meeting for a brief period of time. Any and all remaining allegations set forth in Paragraph 79 of the Complaint are denied and strict proof thereof requested.

58. These Defendants admit so much of the allegations set forth in Paragraph 80 of the Complaint as allege that Plaintiff met with Assistant County Administrator Renee Hardwick, Chief Leonhardt, and Horry County Human Resources on or about April 22, 2026. Any and all remaining allegations set forth in Paragraph 80 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

59. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the vague allegations set forth in Paragraphs 81 and 82 of the Complaint and therefore deny same and respectfully request strict proof thereof.

60. These Defendants deny any and all allegations set forth in Paragraph 83 of the Complaint and respectfully request strict proof thereof.

61. These Defendants deny any and all allegations set forth in Paragraph 84 of the Complaint as stated and respectfully request strict proof thereof.

62. These Defendants deny any and all allegations set forth in Paragraph 85 of the Complaint and respectfully request strict proof thereof.

63. These Defendants deny any and all allegations set forth in Paragraph 86 of the Complaint and respectfully request strict proof thereof.

64. These Defendants deny any and all allegations set forth in Paragraph 87 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

65. These Defendants deny any and all allegations set forth in Paragraph 88 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

66. These Defendants deny any and all allegations set forth in Paragraph 89 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

67. These Defendants deny any and all allegations set forth in Paragraph 90 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

68. These Defendants deny any and all allegations set forth in Paragraph 91 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

69. These Defendants deny any and all allegations set forth in Paragraph 92 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

70. These Defendants deny any and all allegations set forth in Paragraph 93 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

71. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 94 and 95 of the Complaint and therefore deny same and respectfully request strict proof thereof.

72. These Defendants deny any and all allegations set forth in Paragraph 96 of the Complaint and respectfully request strict proof thereof.

73. These Defendants deny any and all allegations set forth in Paragraph 97 of the Complaint and respectfully request strict proof thereof.

74. These Defendants deny any and all allegations set forth in Paragraph 98 of the Complaint and respectfully request strict proof thereof.

75. These Defendants deny any and all allegations set forth in Paragraph 99 of the Complaint and respectfully request strict proof thereof.

76. These Defendants deny any and all allegations set forth in Paragraph 100 of the Complaint and respectfully request strict proof thereof.

77. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 101 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

78 These Defendants are of the opinion and belief that the allegations set forth in Paragraph 102 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

79. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 103 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

80. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 104 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

81. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 105 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

82. These Defendants deny any and all allegations set forth in Paragraph 106 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

83. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 107 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

84. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 108 of the Complaint are included for clarification purposes only and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

85. In response to Paragraphs 109, 110, 111, 112, and 113 of the Complaint, these Defendants are of the opinion and belief that the allegations set forth therein are assertions of an applicable law and/or allegations that call for legal conclusions and therefore do not require a response. However, to the extent said paragraphs may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

86. These Defendants deny any and all allegations set forth in Paragraph 114 of the Complaint and respectfully request strict proof thereof.

87. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 115 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

88. These Defendants deny any and all allegations set forth in Paragraph 116 of the Complaint and respectfully request strict proof thereof.

89. These Defendants deny any and all allegations set forth in Paragraph 117 of the Complaint and respectfully request strict proof thereof.

90. In response to Paragraph 118 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Defendants Leonhardt and Hardwick were employees

of Horry County and/or Horry County Police Department when Plaintiff announced his decision to retire and deny that Plaintiff was "forced" to retire. These Defendants are of the opinion and belief that the remaining allegations set forth in Paragraph 118 of the Complaint call for legal conclusions and therefore do not require a response. Any and all remaining allegations set forth in Paragraph 118 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

91. These Defendants deny any and all allegations set forth in Paragraph 119 of the Complaint and respectfully request strict proof thereof.

92. These Defendants deny any and all allegations set forth in Paragraph 120 of the Complaint and respectfully request strict proof thereof.

93. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 121 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

94. These Defendants deny any and all allegations set forth in Paragraph 122 of the Complaint are included for clarification purposes only and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

95. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 123 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

96. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 124, 125, 126, and 127 of the Complaint and therefore deny same and respectfully request strict proof thereof.

97. These Defendants deny any and all allegations set forth in Paragraph 128 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

98. These Defendants deny any and all allegations set forth in Paragraph 129 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

99. These Defendants deny any and all allegations set forth in Paragraph 130 of the Complaint and respectfully request strict proof thereof.

100. These Defendants deny any and all allegations set forth in Paragraph 131 of the Complaint and respectfully request strict proof thereof.

101. These Defendants deny any and all allegations set forth in Paragraph 132 of the Complaint and respectfully request strict proof thereof.

102. These Defendants deny any and all allegations set forth in Paragraph 133 of the Complaint and respectfully request strict proof thereof.

103. These Defendants deny any and all allegations set forth in Paragraph 134 of the Complaint and respectfully request strict proof thereof.

104. These Defendants deny any and all allegations set forth in Paragraph 135 of the Complaint and respectfully request strict proof thereof.

105. These Defendants deny any and all allegations set forth in Paragraph 136 of the Complaint and respectfully request strict proof thereof.

106. These Defendants deny any and all allegations set forth in Paragraph 137 of the Complaint and respectfully request strict proof thereof.

107. These Defendants deny any and all allegations set forth in Paragraph 138 of the Complaint and respectfully request strict proof thereof.

108. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 139 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

109. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 140 of the Complaint are included for purposes of clarification only and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

110. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 141 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

111. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 142, 143, 144, and 145 of the Complaint and therefore deny same and respectfully request strict proof thereof.

112. These Defendants deny any and all allegations set forth in Paragraph 146 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

113. These Defendants deny any and all allegations set forth in Paragraph 147 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

114. These Defendants deny any and all allegations set forth in Paragraph 148 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

115. These Defendants deny any and all allegations set forth in Paragraph 149 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

116. These Defendants deny any and all allegations set forth in Paragraph 150 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

117. These Defendants deny any and all allegations set forth in Paragraph 151 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

118. These Defendants deny any and all allegations set forth in Paragraph 152 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

119. These Defendants deny any and all allegations set forth in Paragraph 153 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

120. These Defendants deny any and all allegations set forth in Paragraph 154 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

121. These Defendants deny any and all allegations set forth in Paragraph 155 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

122. These Defendants deny any and all allegations set forth in Paragraph 156 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

123. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 157 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

124. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 158 of the Complaint are included for purposes of clarification only and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

125. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 159 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

126. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraphs 160, 161, 162, and 163 of the Complaint and therefore deny same and respectfully request strict proof thereof.

127. These Defendants deny any and all allegations set forth in Paragraph 164 of the Complaint and respectfully request strict proof thereof.

128. These Defendants deny any and all allegations set forth in Paragraph 165 of the Complaint and respectfully request strict proof thereof.

129. These Defendants deny any and all allegations set forth in Paragraph 166 of the Complaint and respectfully request strict proof thereof.

130. These Defendants deny any and all allegations set forth in Paragraph 167 of the Complaint and respectfully request strict proof thereof.

131. These Defendants deny any and all allegations set forth in Paragraph 168 of the Complaint and respectfully request strict proof thereof.

132. These Defendants deny any and all allegations set forth in Paragraph 169 of the Complaint and respectfully request strict proof thereof.

133. These Defendants deny any and all allegations set forth in Paragraph 170 of the Complaint and respectfully request strict proof thereof.

134. These Defendants deny any and all allegations set forth in Paragraph 171 of the Complaint and respectfully request strict proof thereof.

135. These Defendants deny any and all allegations set forth in Paragraph 172 of the Complaint and respectfully request strict proof thereof.

136. These Defendants deny any and all allegations set forth in Paragraph 173 of the Complaint and respectfully request strict proof thereof.

137. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 174 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

138. These Defendants are of the opinion and belief that the allegations set forth in Paragraphs 175, 176, 177, and 178 of the Complaint are assertions of applicable law and/or allegations that call for legal conclusions and therefore do not require a response. However, to the extent said paragraphs may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

139. These Defendants deny any and all allegations set forth in Paragraph 179 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

140. These Defendants deny any and all allegations set forth in Paragraph 180 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

141. These Defendants deny any and all allegations set forth in Paragraph 181 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

142. These Defendants deny any and all allegations set forth in Paragraph 182 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

143. These Defendants deny any and all allegations set forth in Paragraph 183 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

144. These Defendants deny any and all allegations set forth in Paragraph 184 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

145. These Defendants deny any and all allegations set forth in Paragraph 185 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

146. These Defendants deny any and all allegations set forth in Paragraph 186 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

147. These Defendants deny any and all allegations set forth in Paragraph 187 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

148. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 188 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

149. These Defendants deny any and all allegations set forth in Paragraph 189 of the Complaint and respectfully request strict proof thereof.

150. These Defendants deny any and all allegations set forth in Paragraph 190 of the Complaint and respectfully request strict proof thereof.

151. These Defendants deny any and all allegations set forth in Paragraph 191 of the Complaint and respectfully request strict proof thereof.

152. These Defendants deny any and all allegations set forth in Paragraph 192 of the Complaint and respectfully request strict proof thereof.

153. These Defendants deny any and all allegations set forth in Paragraph 193 of the Complaint and respectfully request strict proof thereof.

154. These Defendants deny any and all allegations set forth in Paragraph 194 of the Complaint and respectfully request strict proof thereof.

155 These Defendants deny any and all allegations set forth in Paragraph 195 of the Complaint and respectfully request strict proof thereof.

156. These Defendants deny any and all allegations set forth in Paragraph 196 of the Complaint and respectfully request strict proof thereof.

157. These Defendants deny any and all allegations set forth in Paragraph 197 of the Complaint and respectfully request strict proof thereof.

158. These Defendants deny any and all allegations set forth in Paragraph 198 of the Complaint and respectfully request strict proof thereof.

159. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 199 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

160. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the opinion allegation set forth in Paragraph 200 of the Complaint and therefore deny same and respectfully request strict proof thereof.

161. These Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the opinion allegation set forth in Paragraph 201 of the Complaint and therefore deny same and respectfully request strict proof thereof.

162. These Defendants deny any and all allegations set forth in Paragraph 202 of the Complaint and respectfully request strict proof thereof.

163. These Defendants deny any and all allegations set forth in Paragraph 203 of the Complaint and respectfully request strict proof thereof.

164. These Defendants deny any and all allegations set forth in Paragraph 204 of the Complaint and respectfully request strict proof thereof.

165. These Defendants deny any and all allegations set forth in Paragraph 205 of the Complaint and respectfully request strict proof thereof.

166. These Defendants deny any and all allegations set forth in Paragraph 206 of the Complaint and respectfully request strict proof thereof.

167. These Defendants deny any and all allegations set forth in Paragraph 207 of the Complaint and respectfully request strict proof thereof.

168. These Defendants deny any and all allegations set forth in Paragraph 208 of the Complaint and respectfully request strict proof thereof.

169. These Defendants deny any and all allegations set forth in Paragraph 209 of the Complaint and respectfully request strict proof thereof.

170. These Defendants deny any and all allegations set forth in Paragraph 210 of the Complaint and respectfully request strict proof thereof.

171. These Defendants deny any and all allegations set forth in Paragraph 211 of the Complaint and respectfully request strict proof thereof.

172. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 212 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

173. These Defendants deny any and all allegations set forth in Paragraph 213 of the Complaint and respectfully request strict proof thereof.

174. These Defendants deny any and all allegations set forth in Paragraph 214 of the Complaint and respectfully request strict proof thereof.

175. These Defendants deny any and all allegations set forth in Paragraph 215 of the Complaint and respectfully request strict proof thereof.

176. These Defendants deny any and all allegations set forth in Paragraph 216 of the Complaint and respectfully request strict proof thereof.

177. These Defendants deny any and all allegations set forth in Paragraph 217 of the Complaint and respectfully request strict proof thereof.

178. These Defendants deny any and all allegations set forth in Paragraph 218 of the Complaint and respectfully request strict proof thereof.

179. These Defendants deny any and all allegations set forth in Paragraph 219 of the Complaint and respectfully request strict proof thereof.

180. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 220 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

181. These Defendants deny any and all allegations set forth in Paragraph 221 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

182. These Defendants deny any and all allegations set forth in Paragraph 222 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

183. These Defendants deny any and all allegations set forth in Paragraph 223 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

184. These Defendants deny any and all allegations set forth in Paragraph 224 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

185. These Defendants deny any and all allegations set forth in Paragraph 225 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

186. These Defendants deny any and all allegations set forth in Paragraph 226 of the Complaint to the extent same are directed to them for response and respectfully request strict proof thereof.

187. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 227 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

188. These Defendants are of the opinion and belief that the allegations set forth in Paragraph 228 of the Complaint are included for purposes of clarification only and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

189. These Defendants are of the opinion and belief that the allegations set forth in Paragraphs 229, 230, 231, and 232 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraphs may be construed to require a response from these Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

190. These Defendants deny any and all allegations set forth in Paragraph 233 of the Complaint and respectfully request strict proof thereof.

191. These Defendants deny any and all allegations set forth in Paragraph 234 of the Complaint and respectfully request strict proof thereof.

192. These Defendants deny any and all allegations set forth in Paragraph 235 of the Complaint and respectfully request strict proof thereof.

193. These Defendants deny any and all allegations set forth in Paragraph 236 of the Complaint and respectfully request strict proof thereof.

194. These Defendants deny any and all allegations set forth in Paragraph 237 of the Complaint, including any and all subparts, and respectfully request strict proof thereof.

195. These Defendants deny any and all allegations set forth in Paragraph 238 of the Complaint and respectfully request strict proof thereof.

196. These Defendants deny any and all allegations set forth in Paragraph 239 of the Complaint and respectfully request strict proof thereof.

197. These Defendants deny any and all allegations set forth in Paragraph 240 of the Complaint and respectfully request strict proof thereof.

198. These Defendants deny any and all allegations set forth in Paragraph 241 of the Complaint and respectfully request strict proof thereof.

199. In response to the final paragraph of the Complaint (not numbered), these Defendants deny any and all allegations set forth therein and respectfully request strict proof thereof.

## **FOR A SECOND DEFENSE**

200. The individually-named Defendants are employees of Horry County, a governmental entity of the State of South Carolina, and are, therefore, entitled to sovereign immunity from suit in their official capacities.

## **FOR A THIRD DEFENSE**

201. At all times relevant to the allegations in Plaintiff's Complaint, the individually named Defendants were engaged in the performance of their official duties, acted in good faith, and violated no clearly established constitutional or statutory rights which were known or should have been known to them, and they are therefore entitled to *qualified immunity* from suit in their individual capacities.

## **FOR A FOURTH DEFENSE**

202. The doctrines of vicarious liability and *respondeat superior* are not applicable in 42 U.S.C. § 1983 actions, and therefore, Plaintiff's claims brought under such theory should be dismissed.

**FOR A FIFTH DEFENSE**

203. Defendants allege that any injuries or damages allegedly suffered by Plaintiff, which are denied, were due to and caused by the negligence of Plaintiff; that the negligence of Plaintiff combined and concurred with any acts or omissions of the Defendants, which are again denied, to produce any such injuries or damages; and that the negligence and recklessness of Plaintiff exceeded any negligence or recklessness of Defendants. Defendants therefore plead the comparative negligence and recklessness of Plaintiff as a bar to this action.

**FOR A SIXTH DEFENSE**

204. Defendants allege that they are immune from civil tort liability pursuant to the Constitution of the State of South Carolina and § 15-78-10, *Code of Laws of South Carolina* (1976, as amended), et seq., commonly known as the *South Carolina Tort Claims Act* except to the limited extent to which sovereign immunity has been waived pursuant thereto. Defendants therefore plead and incorporate herein each and every defense and limitation contained in the *South Carolina Tort Claims Act* as fully as if set forth herein verbatim.

**FOR A SEVENTH DEFENSE**

205. To the extent Plaintiff has failed to properly serve all captioned Defendants and/or that service of process upon them in connection with this action was improper and insufficient, all Defendants not properly served with the Summons and Complaint are entitled to dismissal of Plaintiff's Complaint pursuant to Rules 12 (b)(4) and 12(b)(5) of the *South Carolina Rules of Civil Procedure* and/or *Federal Rules of Civil Procedure.*

**FOR AN EIGHTH DEFENSE**

206. Defendants allege that any injuries sustained by Plaintiff as a result of this incident were due to the acts of Plaintiff insofar as the incident complained of was voluntarily initiated by Plaintiff.

**FOR A NINTH DEFENSE**

207. Defendants allege that Plaintiff's Complaint fails to state facts sufficient to state a cause of action and therefore Defendants are entitled to dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the *South Carolina Rules of Civil Procedure* and/or *Federal Rules of Civil Procedure.*

**FOR A TENTH DEFENSE**

208. Any acts alleged to have occurred on behalf of said Defendants were made using discretion of said individual(s) in spite of their knowledge of reasonable, existing alternatives, and Defendants are therefore entitled to discretionary immunity from this lawsuit.

**FOR AN ELEVENTH DEFENSE**

209. The alleged actions/inactions claimed by the Plaintiff did not rise to the level of a constitutional violation and the Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges or immunities.

**FOR A TWELFTH DEFENSE**

210. Defendants honored their duty to exercise that degree of care and skill ordinarily exercised by their profession under similar conditions and in similar circumstances. Accordingly, Defendants specifically deny that they deviated from the generally accepted standards, practices and procedures exercised by competent law enforcement agencies under similar circumstances. Furthermore, Defendants specifically deny that they caused Plaintiff any injury whatsoever.

**FOR A THIRTEENTH DEFENSE**

211. These Defendants are not "persons" amenable to suit under 42 U.S.C. § 1983.

**FOR A FOURTEENTH DEFENSE**

212. Defendants allege that an award of punitive damages in this case would violate the 5th, 6th and 14th amendments to the United States Constitution and Article One, Section 3 of the South Carolina Constitution in that:

a) The unfettered power to award punitive damages in any manner is wholly devoid of a meaningful standard and is inconsistent with due process guarantees; and

b) Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness.

**FOR A FIFTEENTH DEFENSE**

213. Defendants expressly deny that facts and circumstances exist sufficient to entitle Plaintiff to an award of punitive damages. Nevertheless, the Defendants plead the terms, conditions, procedures, standards and limitations of §15-32-510 through §15-32-540 in response to Plaintiff's claims for punitive damages.

**FOR A SIXTEENTH DEFENSE**

214. Plaintiff's claim for civil conspiracy is barred because he can show no "special damages" related solely to this claim for civil conspiracy.

**FOR A SEVENTEENTH DEFENSE**

215. Plaintiff's claim for civil conspiracy is barred because his allegations relevant to the claim are repetitive of those supporting his other claims.

**FOR AN EIGHTEENTH DEFENSE**

216. Plaintiff has failed to allege facts sufficient to sustain a claim for civil conspiracy.

**FOR A NINETEENTH DEFENSE**

217. Plaintiff's claim for civil conspiracy is barred by the intracorporate conspiracy doctrine.

**FOR A TWENTIETH DEFENSE**

218. The Plaintiff has failed to set forth any facts tending to establish any causal connection between any actions on the part of these Defendants or their agents or employees and the allegations forming the basis of the Complaint herein and, thus, these Defendants should be dismissed from this action upon that basis.

**FOR A TWENTY-FIRST DEFENSE**

219. Plaintiff fails to state a claim for civil conspiracy against these Defendants because there is no evidence that these Defendants acted outside the scope of their duties.

**FOR A TWENTY-SECOND DEFENSE**

220. Plaintiff was an at-will employee and therefore subject to termination at any time for any reason or no reason at all.

**FOR A TWENTY-THIRD DEFENSE**

221. Plaintiff has the duty to mitigate the damages alleged. To the extent Plaintiff does not mitigate his damages, he is barred from relief.

**FOR A TWENTY-FOURTH DEFENSE**

222. These Defendants did not violate any clearly established right possessed by the Plaintiff and their actions were reasonable under well settled law. Therefore, these Defendants are immune from suit by virtue of the doctrine of discretionary immunity.

**FOR A TWENTY-FIFTH DEFENSE**

223. To the extent the Plaintiff seeks to recover for physical and/or emotional injuries he suffered in the workplace, those physical and/or emotional injuries are subject to the exclusive remedy provisions of the South Carolina Worker's Compensation Law and constitute an absolute bar to the Plaintiff's recovery to those injuries in this action.

**FOR A TWENTY-SIXTH DEFENSE**

224. Any employment related actions, if any, taken by these Defendants were justified by legitimate, non-discriminatory reasons.

**FOR A TWENTY-SEVENTH DEFENSE**

225. Plaintiff's claims are barred by the applicable statute(s) of limitations.

**FOR A TWENTY-EIGHTH DEFENSE**

226. At all relevant times hereto, these Defendants acted in good faith and in a reasonable manner and these Defendants were acting within the course and scope of its authority and discretion.

**FOR A TWENTY-NINTH DEFENSE**

227. These Defendants allege that Plaintiff is a public official and/or public figure and therefore any statements or other communications regarding Plaintiff are protected by the United States Constitution unless and until Plaintiff proves actual malice on the part of the person publishing such statements and/or communications.

**FOR A THIRTIETH DEFENSE**

228. These Defendants respectfully assert that any statements and/or communications made by it is entitled to an absolute, qualified, or conditional privilege, including, but not limited to, public duty, professional duty, statements for benefit of employees, communications incidental to the investigation of a crime, communications incidental to termination proceedings, and confidential

interoffice communications. These Defendants assert said privileges act as a bar, in whole or in part, to the Plaintiff's defamation/slander/libel cause of action.

**FOR A THIRTY-FIRST DEFENSE**

229. These Defendants assert that any statements and/or communications made by it were made with express and/or implied consent of Plaintiff and consent acts as a bar, in whole or in part, to the Plaintiff's defamation/slander/libel cause of action.

**FOR A THIRTY-SECOND DEFENSE**

230. These Defendants assert that any statements and/or communications made by them are protected by the First Amendment to the United States Constitution which acts as a bar, in whole or in part, to Plaintiff's defamation/slander, libel cause of action.

**FOR A THIRTY-THIRD DEFENSE**

231. These Defendants assert that any statements and/or communications made by them were truthful or substantially true and said truthfulness acts as a bar, in whole or in part, to the Plaintiff's defamation/slander/libel cause of action.

**FOR A THIRTY-FOURTH DEFENSE**

232. These Defendants respectfully assert the equitable defenses of waiver, estoppel, unclean hands, res judicata, and collateral estoppel and asserts that said defenses act as a bar, in whole or in part, to the Plaintiff's causes of action.

**RESERVATION AND NON-WAIVER**

233. These Defendants reserve the right to assert, and do not waive, any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**WHEREFORE**, having fully answered the Complaint of Plaintiff, these Defendants pray that said Complaint be dismissed, with all taxable costs awarded to these Defendants and any further relief this court deems reasonable and proper.

S/SAMUEL F. ARTHUR, III
SAMUEL F. ARTHUR, III
Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
SC Bar No. 13618
PO Drawer 1931
Florence, SC 29503
Telephone: 843.669.8787
Fax: 843.664.0097
SFA@AIKENBRIDGES.COM
**ATTORNEYS FOR THE DEFENDANTS HORRY COUNTY, KRIS LEONHARDT, BRANDON LEE, AND RENEE HARDWICK**

Florence, South Carolina

June 4, 2026

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Aiken, Bridges, Elliott, Tyler & Saleeby, P.A., do hereby certify that I have served the foregoing **ANSWER OF DEFNDANTS HORRY COUNTY, KRIS LEONHARDT, BRANDON LEE, AND RENEE HARDWICK** by personally depositing same in a United States Postal Service mail box, postage prepaid, addressed to the person(s) indicated below this 4th day of June, 2026.

Stuart M. Axelrod, Esquire
Axelrod & Associates, P.A.
4701 Oleander Drive
Myrtle Beach, SC 29577

SAMUEL F. ARTHUR, III
SAMUEL F. ARTHUR, III

(39627)